UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JANICE DUNBAR,

                     Plaintiff,

v.                                                                       1:18-CV-1350
                                                                       (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      JUSTIN JONES, ESQ.
  Counsel for Plaintiff                                KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                CATHARINE ZURBRUGG, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II  JAMES DESIR, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 18.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted, to the extent it seeks remand, and the Commissioner's motion is denied.

**I.      RELEVANT BACKGROUND**

A.   **Factual Background**

Plaintiff was born in 1969. (T. 70.) She completed the 9th grade. (T. 182.) Generally, Plaintiff's alleged disability consists of fibromyalgia, anxiety, depression, neuropathy, "eye problems," and "trouble with bowels." (T. 181.) Her amended alleged disability onset date is January 29, 2015. (T. 245.)[1]

B.   **Procedural History**

On January 29, 2015, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 70.) Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On June 15, 2017, Plaintiff appeared before the ALJ, Hortensia Haaversen. (T. 33-51.) On October 26, 2017, ALJ Haaversen issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 8-27.) On September 24, 2018, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-7.) Thereafter, Plaintiff timely sought judicial review in this Court.

C.   **The ALJ's Decision**

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 13-23.) First, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 19, 2015. (T. 13.) Second, the ALJ found Plaintiff had the severe impairments of: fibromyalgia, neuropathy, generalized anxiety disorder, and depression. (*Id.*) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20

---

[1] On June 8, 2017, Plaintiff, through her counsel, amended her onset date from October 31, 2011 to January 29, 2015. (T. 245.) Plaintiff withdrew her claim for SSD benefits. (*Id.*)

2

C.F.R. Part 404, Subpart P, Appendix. 1. (T. 14.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 416.967(b); except:

> she can lift and/or carry 20 pounds occasionally, 10 pounds frequently, stand/or walk with normal breaks for a total of 6 hours in an 8-hour workday, sit with normal breaks for a total of 6 hours in an 8-hour workday, and push and pull as much as she can lift and carry. [Plaintiff] can climb ramps, stairs, ladders, ropes and scaffolds occasionally; and balance, stoop, kneel, and crouch and crawl occasionally. [Plaintiff] can follow and understand simple directions and instructions; perform simple tasks independently; maintain attention and concentration; maintain a regular schedule, and learn new tasks. [Plaintiff] can perform complex tasks independently and can perform low-stress jobs, defined as jobs with only occasional decision-making.

(T. 16.)[2] Fifth, the ALJ determined Plaintiff was capable of performing her past relevant work as a companion. (T. 21.) In the alternative, the ALJ determined there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 22.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes three separate arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues the ALJ failed to properly evaluate the opinion of treating physician, Edward O'Brien, M.D., and failed to develop the record by re-contacting the doctor. (Dkt. No. 9 at 14-20.) Second, Plaintiff argues the ALJ erroneously assigned the most weight to the consultative examiner's vague opinion.

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 416.967(b).

3

(*Id*. at 20-22.) Third, and lastly, Plaintiff argues the ALJ made an RFC determination without opinion evidence. (Id. at 22-25.) Plaintiff also filed a reply in which she reiterated her original arguments. (Dkt. No. 17.)

### B. Defendant's Arguments

In response, Defendant makes three arguments. First, Defendant argues the ALJ properly considered Dr. O'Brien's opinion. (Dkt. No. 16 at 7-13.) Second, Defendant argues the ALJ properly evaluated the consultative examiner's opinion. (*Id*. at 13-15.) Third, and lastly, Defendant argues the ALJ was not required to tie the RFC to a corresponding medical opinion. (*Id*. at 15-17.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. See *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation

process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2)[3]. When assigning less than "controlling weight" to a treating physician's opinion, the ALJ must "explicitly consider" the four factors announced in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008). *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted). Those factors, referred to as "the *Burgess* factors," are "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella,* 925 F.3d at 95-96 (citation omitted); 20 C.F.R. § 416.927(c)(2).

---

[3] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

A reviewing court should remand for failure to consider explicitly the *Burgess* factors unless a searching review of the record shows that the ALJ has provided "good reasons" for its weight assessment. *Estrella*, 925 F.3d at 96; *see Guerra v. Saul*, 778 F. App'x 75, 77 (2d Cir. 2019) ("While the ALJ here did not always explicitly consider the *Burgess* factors when assigning the treating physician's opinions less than controlling weight, we nonetheless conclude that the ALJ provided sufficient 'good reasons' for the weight assigned.").

Plaintiff argues the ALJ failed to properly assess the opinion of Dr. O'Brien because the ALJ failed to consider his opinion under the treating physician rule. (Dkt. No. 9 at 15.) Dr. O'Brien, completed a medical source statement form on August 28, 2015. (T. 273-275.) He listed Plaintiff's diagnosis as fibromyalgia ("FM"), generalized anxiety disorder ("GAD"), and depression. (T. 273.) He listed her symptoms as "pain." (*Id*.) Dr. O'Brien also listed Plaintiff's medications, expected duration, and prognosis of her impairments. (*Id*.) Dr. O'Brien indicated Plaintiff was "in constant pain" and "feels fatigue." (*Id*.) When asked to describe objective signs of chronic fatigue, the doctor wrote Plaintiff had "chronic pain [and] feels better laying down." (*Id*.) Dr. O'Brien did not complete the section of the form asking for laboratory findings. (T. 274.) When asked the maximum number of pounds Plaintiff could lift and carry, Dr. O'Brien wrote "8 lbs." (*Id*.) When asked how long Plaintiff could stand and/or walk, Dr. O'Brien checked "less than 2 hours per day." (*Id*.) When asked how long Plaintiff could sit, Dr. O'Brien checked "up to 6 hours per day." (*Id*.) When asked how much Plaintiff could push and/or pull, Dr. O'Brien indicated Plaintiff had pain with upper extremities, Plaintiff cannot sit still, and Plaintiff feels best if laying down. (*Id*.) When asked if there were

any other conditions significant to recovery, Dr. O'Brien wrote "depression" and "GAD." (*Id.*)

The ALJ afforded Dr. O'Brien's opinion "little weight." (T. 20.) The ALJ acknowledged the doctor as Plaintiff's primary care physician. (*Id.*) The ALJ reasoned the opinion was entitled to "little weight" because the form was "only partially filled out and lacks basis." (*Id.*) The ALJ stated the form "did not have any dates and results of blood work, X-rays, or special diagnostic studies that this physician relied upon in forming his opinion." (*Id.*) Here, the ALJ failed to perform the necessary analysis in evaluating Dr. O'Brien opinion.

Although the ALJ acknowledge Dr. O'Brien as Plaintiff's treating source, the ALJ's discussion of the doctor's opinion was completely void of any of the factors outlined in the regulations. *See* 20 C.F.R. § 416.927(c)(2); *see Ferraro v. Saul*, No. 18-3684, 2020 WL 1189399, at *2 (2d Cir. Mar. 12, 2020) ("merely acknowledging the existence of treatment relationships is not the same as explicitly considering "he frequency, length, nature, and extent of treatment"). The ALJ's sole reasoning for affording the doctor's opinion "little weight" was because the doctor failed to complete one section of the form requesting diagnostic studies. (T. 20.) The ALJ's analysis could be read to support a conclusion that the doctor's opinion was entitled to less than controlling weight because the opinion was not supported by "medically acceptable clinical and laboratory diagnostic techniques" as required by 20 C.F.R. §416.927(c)(2). However, under the regulations, if a treating source's opinion is not afforded controlling weight, the ALJ must then "explicitly consider" the "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3)

8

the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella,* 925 F.3d at 95-96 (citation omitted); 20 C.F.R. § 416.927(c)(2). The ALJ failed to explicitly consider any of those factors.

Here, remand is necessary because the ALJ failed to "explicitly consider" the factors and failed to otherwise provide "good reasons" for assigning weight to Dr. O'Brien's opinion. In addition, a "searching review of the record" does not assure this court that "the substance of the treating physician rule was not traversed." *Estrella*, 925 F.3d at 96.

Nor is the ALJ's error harmless. An error in weighing a physician's opinion may be considered harmless where proper consideration of that opinion would not change the outcome of the claim. *Cottrell v. Colvin,* 206 F. Supp. 3d 804, 810 (W.D.N.Y. 2016) (citing *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010)); *Camarata v. Colvin*, 2015 WL 4598811, at *16 (N.D.N.Y. July 29, 2015) (denying the request for remand because application of the correct legal standard would not change the outcome). Here, however, relevant factors, including the frequency, length, nature and extent of treatment and the consistency of the opinion with the medical records were not meaningfully analyzed. Such an error cannot be deemed harmless when proper application of the treating physician rule may have led to a different conclusion. *Schall v. Apfel,* 134 F.3d 496, 504-505 (2d Cir. 1998) (ALJ's failure to adhere to the Regulations regarding the weight to be given to the opinion of a treating physician was not harmless, in part because "application of the correct legal standard does not lead inexorably to a single conclusion"); *see Guerra,* 778 F. App'x 75, 77 (2d Cir. 2019) ("While the ALJ here did not always explicitly consider the *Burgess* factors when

assigning the treating physician' opinions less than controlling weight, we nonetheless conclude that the ALJ provided sufficient "good reasons" for the weight assigned."). Therefore, remand is necessary for a proper evaluation of Dr. O'Brien's opinion.

It should also be noted the record does not contain any treatment notations from Dr. O'Brien. The Commissioner requested treatment notations from Dr. O'Brien on two occasions; however, none were admitted into evidence. (T. 55, 65.) At the hearing, during which Plaintiff was represented by legal counsel, the ALJ did not inquire if the record was complete nor did Plaintiff's counsel request additional time to submit evidence. (T. 36.) On remand it would be prudent to request Dr. O'Brien's treatment notations.

Plaintiff makes additional arguments why the ALJ's decision was the product of legal error and not supported by substantial evidence. (Dkt. No. 9 at 14-25.) Because remand is necessary for further administrative proceedings, this court need not address Plaintiff's additional arguments. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160, 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13-CV-6844, 2015 WL 2137776, at *28 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, *261 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is

**GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: April 3, 2020

_____
William B. Mitchell Carter
U.S. Magistrate Judge